

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANNON DAVIS | § | |
| | § | |
| VS. | § | NO. 4:10-CV-147-A |
| | § | (NO. 4:04-CR-199-A) |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on to be considered the motion of movant, Shannon Davis, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, the record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

### I.

### Background

Movant on February 4, 2005, pleaded guilty to one count of distribution of more than ten grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 2, 2005, the court sentenced movant to 293 months' imprisonment to be followed by a five-year term of supervised release. On January 31, 2007, the United States Court of Appeals for the Fifth Circuit affirmed movant's conviction but vacated his sentence and remanded his case for resentencing. On May 11, 2007, this court re-sentenced movant to 280 months' imprisonment to be followed by a five-year term of supervised release. Movant again appealed to the Fifth Circuit, and that court on March 6, 2009, affirmed his

sentence. <u>United States v. Davis</u>, 316 F. App'x 328 (5th Cir. 2009). While movant's appeal to the Fifth Circuit was pending, he filed on May 5, 2008, a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), which this court denied on May 16, 2008.

## II.
### Grounds of the Motion

As to his first, third, and fourth grounds, movant claims he is entitled to relief due to a violation of his Fifth and Sixth Amendment rights; as to his second ground for relief, movant contends he received an improper upward departure based on post-sentencing conduct. Movant's fifth ground for relief is lack of subject matter jurisdiction and lack of territorial jurisdiction.

As the factual basis for ground one, movant contends that he received a two-level increase for possession of a weapon "based on uncorroborated hearsay from an unidentified confidential informant." Mot. at 5. As to the factual basis for ground two, movant contends he received an upward departure for post-sentencing conduct in violation of the "2nd Chance Act." <u>Id.</u> Movant contends as the factual basis for ground three that he was given a two-level increase or enhancement for a firearm found in his car when he had no knowledge of the presence of the firearm, he was not driving the car and was not the car's owner. As the factual basis for ground four, movant complains that his motion pursuant to § 3582 was incorrectly denied for post-sentencing conduct. In support of ground five, movant has attached to the

motion pursuant to § 2255 a document titled "Motion to dismiss for lack of Subject Matter and Territorial Jurisdiction."

### III.

### None of the Grounds Has Merit

The underlying basis of grounds one, two, and three are that the court misapplied the sentencing guidelines to improperly increase movant's sentence. It is well-settled that a district court's technical application of the sentencing guidelines is not subject to collateral review in a motion pursuant to § 2255. See, e.g., United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

As to ground four, movant admits in his motion that he failed to raise this issue on direct appeal. A motion pursuant to § 2255 is not the proper vehicle to appeal the denial of a motion pursuant to 18 U.S.C. § 3582. Section 2255 is reserved for transgressions of constitutional dimensions and for a "narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Vaughn, 955 F.2d at 368. Nonconstitutional claims that could have been, but were not, raised on direct appeal may not be raised in a later collateral proceeding. Id. Movant is thus entitled to no relief on this claim.

As to ground five, the government contends this claim is barred because movant failed to raise it in the trial court or on appeal. "A defendant can challenge his conviction after it is

3

presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (internal citations omitted); see also United States v. Frady, 456 U.S. 152, 168 (1982).

The cause-and-prejudice standard requires a movant to show both that an objective factor external to the defense prevented him from raising the issue on appeal and that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original); see Coleman v. Thompson, 501 U.S. 722, 753 (1991). A failure to show either prong forecloses collateral relief. Frady, 465 U.S. at 168.

Here, the court agrees with the government that movant does not allege or attempt to show either cause or prejudice for his failure to raise this claim on appeal, nor does he provide any objective factors external to the defense to explain that failure. Even if he had attempted to do so, however, the court concludes that this ground is frivolous and merits no further discussion.[1]

---

[1] By way of example, in argument I of the motion to dismiss for lack of subject matter and territorial jurisdiction, movant contends:

> Nowhere was there a mention in the indictment that the petitioner had committed a crime against the United States Government when in fact the sole crimes alleged occurred within the territorial boundaries in the City of Arlington, in Tarrant County, in the State
> (continued...)

4

IV.

ORDER

Therefore,

For the reasons discussed above,

The court ORDERS that the motion of Shannon Davis to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 20, 2010.

_____
JOHN McBRYDE
United States District Judge

---

[1](...continued)
of Texas. None of the territories boundaries mentioned had been ceded to or purchased by the United States..., and unless the state of Texas inadvertantly [sic] transferred powers to prosecute state crimes, the petitioner is a victim of abduction by the United States Government.

Mot. to Dismiss at 2 (attached to motion pursuant to 28 U.S.C. § 2255).